UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF
FLORIDA

CASE NO._____-CIV-_____/_____

Abel Garcia Valdes, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

SPECIALTYCARE USA, INC. d/b/a
SPECIALTYCARE, INC.,
a Delaware Corporation,

    Defendant.
_____/

## COMPLAINT

1.    Plaintiff, Abel Garcia Valdes (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2.    Defendant, SPECIALTYCARE USA, INC. d/b/a SPECIALTYCARE, INC. (hereinafter referred to "SPECIALTYCARE"), is a Delaware Corporation that at all times material to this Complaint has had its corporate headquarters at 3100 West End Avenue, Nashville, Tennessee 37203-1378 and has employed thousands of employees at hundreds of medical facilities throughout the United States, including but not limited to at Hialeah Hospital at 651 E. 25th Street, Hialeah, Florida 33013 in Miami-Dade County, Florida within the jurisdiction of this Court.

3.    Plaintiff brings this action on behalf of himself[1] and other current and former employees of SPECIALTYCARE similarly situated to Plaintiff who have worked as non-exempt "Surgical Assistants," however variously titled, for overtime compensation and other relief under

---

[1] Attached hereto is a signed Consent to Join of ABEL GARCIA VALDES

the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b). More specifically, this action is brought to recover from SPECIALTYCARE unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), for Plaintiff and the other non-exempt "Surgical Assistants" of SPECIALTYCARE similarly situated to him throughout the United States regardless of location.

4.  Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

5.  All of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

6.  At all times material to this Complaint including but not necessarily limited to during the years of 2015, 2016, 2017, 2018, 2019 and 2020 SPECIALTYCARE has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, SPECIALTYCARE has employed two (2) or more employees who, *inter alia*: (a) have regularly handled and worked on surgical equipment including but not limited to instruments, retractors, forceps, clamps, suction devices, laparoscopy kits, and robotics as well as medical supplies including but not limited to latex gloves, suturing kits, and surgical dressing materials, all of which were all goods and/or materials moved in or produced for commerce; and (b) regularly processed and participated in electronic bank transfers and/or insurance transactions across State lines between Florida, Tennessee, and other States throughout the United States.

7.  Based upon information and belief, the annual gross sales volume of SPECIALTYCARE has been in excess of $200,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2015, 2016, 2017, 2018,

2019 and 2020.

8. At all times material to this Complaint, including but not necessarily limited to during the years of 2015, 2016, 2017, 2018, 2019 and 2020 SPECIALTYCARE has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. In numerous work weeks during the three (3) year statute of limitations period[2] and throughout the course of his employment, between April 2015 and May 2020, Plaintiff worked for SPECIALTYCARE as a non- exempt "Surgical Assistant" at Hialeah Hospital in Miami-Dade County, Florida within the jurisdiction of this Court.

10. Plaintiff's primary job duties for SPECIALTYCARE as a "Surgical Assistant" at Hialeah Hospital during the three (3) year statute of limitations period consisted of the following non-exempt tasks:

> (a) handing instruments and equipment to surgeons upon the surgeon's direction during surgery, or if the surgeon was performing surgery with robotics, helping the scrub technicians to (i) insert instruments into the robotic arm; and/or (ii) set the robotic arm;
> (b) using cauterization instruments as instructed by the surgeon;
> (c) suctioning and vacuuming blood as instructed by the surgeon;
> (d) holding and placing retractors as directed by the surgeon;
> (e) cutting suture material when the surgeon finished stitching and/or tying superficial vessels when instructed by the surgeon; and
> (f) assisting with placing dressings on patients and helping nurses and scrub technicians move patients from stretchers onto the operating table and back to the recovery room after surgery;
> (g) Reporting cases to company's accounting department according to the reporting method for the specific hospital;
> (h) Notifies appropriate persons when problems develop with equipment; and
> (i) Ensures that equipment is clean and functioning properly and that preventative maintenance is scheduled.

11. Plaintiff's primary duties for SPECIALTYCARE as a "Surgical Assistant" during the three (3) year statute of limitations <u>did not</u> consist of work requiring advanced knowledge,

---

[2] Statute of Limitations Period is September 2017 through the present, although Plaintiff's employment was terminated on May 5, 2020.

academic training, or a particular degree in the field of medicine. Rather, as a "Surgical Assistant" for SPECIALTYCARE, Plaintiff spent the majority of his working time performing manual tasks that did not involve the exercise of discretion and independent judgment and instead were ministerial in nature and were carried out by Plaintiff pursuant to established techniques, procedures, and/or guidelines.

12. Further, as a "Surgical Assistant" for SPECIALTYCARE during the three (3) year statute of limitations period, Plaintiff did not have the authority to, and Plaintiff and did not:

(a) make incisions;
(b) perform surgery through the use of robotics or otherwise;
(c) complete patient health assessments or independent physical examinations of patients;
(d) order diagnostic testing;
(e) evaluate or make patient diagnosis;
(f) make hospital rounds;
(g) decide discharge instructions or determine patients' discharge conditions; or
(h) establish patients' summaries for medical records or billing purposes.

13. The additional persons who may become Plaintiffs in this action are SPECIALTYCARE's current and former non-exempt "Surgical Assistants," however variously titled, who have worked for Defendant at any location throughout the United States in one or more weeks between September 2017 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for SPECIALTYCARE.

14. Plaintiff worked in excess of Forty (40) hours per week in numerous work weeks during his employment with SPECIALTYCARE as a non-exempt "Surgical Assistant" within the three (3) year statute of limitations period, specifically: Plaintiff would work an average of fifty (50) hours a week per week.

15. Likewise, the other employees of SPECIALTYCARE who are similarly situated to Plaintiff have regularly worked as non-exempt "Surgical Assistants," however, variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendant

8

within the three (3) year statute of limitations period at numerous locations throughout the United States, including but limited to Florida. It is the intent of this collective action to apply to all similarly situated employees regardless of location.

16. However, SPECIALTYCARE has failed to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and all other similarly situated non-exempt "Surgical Assistants" for all of their actual overtime hours worked within the three (3) year statute of limitations period, instead paying salaried wages for Forty (40) hours per week without time and one-half compensation for their overtime hours worked between September 2017 and the present, noting that the Plaintiff was not paid for actual overtime worked since he began his employment in April 2015.[3]

17. More specifically, during the three (3) year statute of limitations period, Plaintiff regularly worked as a non-exempt "Surgical Assistant" for SPECIALTYCARE with shifts that were commonly Monday through Friday with start times of 7:00 a.m. and stop times of between 3:00 p.m. and 5:00 p.m., along with weekend hours and additional work hours when called into work, averaging approximately Fifty (50) hours per week.

18. However, while SPECIALTYCARE paid Plaintiff salaried wages each week of Forty (40) hours of work per week based upon applicable regular rates of approximately $20.00/hour [$800.00 per week/40 hours = $20.00/hour] between April 6, 2015 and April 1, 2019 and $24.30 [$972.00 per week/40 hours= $24.30/hour] between April 1, 2019 to May 5, 2020.

19. SPECIALTYCARE failed to pay Plaintiff time and one-half wages for all of the overtime hours Plaintiff worked for Defendant within the three (3) year statute of limitations

---

[3] Plaintiff acknowledges that a portion of the time he worked without overtime pay now falls outside of the Statue of Limitations period, but the lack of overtime pay since April 2015 shows the employer's willful conduct in not paying Plaintiff the required amount for overtime hours worked.

8

period.

20. Subject to discovery, based upon Plaintiff being owed an average of Ten (10) overtime hours per week during a total of approximately One Hundred Thirty-One (131) work weeks within the three (3) year statute of limitations period, if Plaintiff's unpaid overtime wages are due and owing at applicable overtime rates of $30.00/hour between September 2017 and March 2019, $36.45/hour between approximately April 2019 and May 2020, Plaintiff's unpaid overtime total is **$42,718.50.** [($30.00/hour x 10 OT hours/week x 78 weeks = $23,400) + ($36.45/hour x 10 OT hours/week x 53 weeks = $19,318.00)

21. Based upon information and belief, records of at least some of the start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and SPECIALTYCARE's other similarly situated non-exempt "Surgical Assistants" between September 2017 and the present are in the possession, custody, and/or control of Defendant.

22. Based upon information and belief, SPECIALTYCARE had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt "Surgical Assistants" for the benefit of SPECIALTYCARE in on or more weeks between September 2017 and the present, but Defendant willfully failed to compensate Plaintiff and all other similarly situated employees, instead accepting the benefits of the overtime work performed by Plaintiff and the others similarly situated to him without paying the overtime compensation required by the FLSA.

23. The complete records reflecting the compensation paid by SPECIALTYCARE to Plaintiff and all other similarly situated non-exempt "Surgical Assistants" throughout the United States between April 2015 and the present are in the possession, custody, and/or control of Defendant.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

24. Plaintiff, ABEL GARCIA VALDES, readopts and realleges the allegations set for in Paragraphs 1 through 23 above as if set forth fully herein.

25. Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay for each hour he worked for SPECIALTYCARE as a non-exempt "Surgical Assistant" in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between Septmeber 2017 and May 2020.

26. All similarly situated non-exempt "Surgical Assistants" of SPECIALTYCARE are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendant throughout the United States but were not properly compensated for working on Defendant's behalf during any work weeks within the three (3) year statute of limitations period.

27. SPECIALTYCARE has knowingly and willfully failed to pay Plaintiff and the other non-exempt "Surgical Assistants" similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week between April 2015 and the present, but specifically during the statute of limitations period of September 2017 through May 2020 for the Plaintiff.

28. At all times material to this Complaint, Defendant had constructive and actual notice that SPECIALTYCARE's compensation practices did not provide Plaintiff and SPECIALTYCARE's other non-exempt "Surgical Assistants" with time and one-half wages for all of their actual overtime hours worked during the statute of limitations period based upon, *inter alia*: (a) time records created and maintained of the start times, stop times, and total hours worked each week by Plaintiff and other similarly situated non-exempt "Surgical Assistants,"

however variously titled; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt "Surgical Assistants", and instead refused to pay time and one-half wages for the overtime hours that SPECIALTYCARE knew had been worked for the benefit of Defendant.

29. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

30. Based upon information and belief, at all times material to this Complaint, SPECIALTYCARE did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt "Surgical Assistants," as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

31. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from SPECIALTYCARE all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

32. Plaintiff is entitled to recovery of liquidated damages in an equal amount to his unpaid overtime pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, ABEL GARCIA VALDES and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendant, SPECIALTYCARE, INC., for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: September 16, 2020              Respectfully submitted,

                            By:    **s/Jose Teurbe- Tolon**
                                    Jose Teurbe-Tolon, Esq.
                                    Florida Bar No. 87791
                                    E-mail: Jose@Xanderlaw.com
                                    Xander Law Group, P.A.
                                    1 NE 2 AVE, Suite 200
                                    Miami, Florida 33132
                                    Telephone: (305) 767-2001
                                    Attorney for Plaintiff

# CONSENT TO JOIN FORM

1.  I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Specialty Care, Inc</u>. as well as any related entities and individuals to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 .S.C. 216(b) *et seq*.

2.  I hereby designate Xander Law Group, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3.  I also consent to join any other related action against Defendant(s), or any other potentially responsible, to assert my FLSA claims and for this Consent Form to be filed in any such action.


Printed Name: Abel Garcia Valdes


Signature  /s/Abel Garcia Valdes